## 28108. SLAUGHTER v. THE STATE.

DECIDED JANUARY 17, 1940. REHEARING DENIED FEBRUARY 1, 1940.

*Grover C. Powell, W. A. Mason, John W. Bolton,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

BROYLES, C. J. Fred Slaughter, who was charged with the commission of a misdemeanor (said case being then pending in the city court of LaGrange, Troup County, Georgia), filed a motion in that court to change the venue, on the ground that he could not obtain an impartial jury in Troup County. The motion was dismissed on general demurrer, and the movant excepted to that judgment. The only question in the case is whether the judge of the city court of LaGrange has the power to change the venue in a criminal case. The constitution of Georgia, art. 6, sec. 17, par. 1 (Code, § 2-4401), declares: "The power to change the venue in civil and criminal cases shall be vested in *the superior courts* [italics ours], to be exercised in such manner as has been, or shall be, provided by law." It is also provided in art. 6, sec. 16, of said constitution (Code, § 2-4306), that "all criminal cases shall be tried in the county where the crime was committed, except cases in *the superior courts* [italics ours] where the judge is satisfied that

an impartial jury can not be obtained in such county." And § 27-1101 is as follows: "All criminal cases shall. be tried in the county where the crime was committed, except cases in *the superior courts* where the *judge* is satisfied that an impartial jury can not be obtained in such county. When *he* becomes thus satisfied, *he may* change the venue for the trial." (Italics ours). And in § 27-1201, which is a lengthy section providing in great detail when and how the venue in a criminal case in the superior courts can be changed, it is declared: *"The judge of the superior court* [italics ours] of the circuit in which a crime is alleged to have been committed may change the venue for the trial of said case, on his own motion, with or without petition, whenever in his judgment the accused party will be lynched, or there is danger of violence being attempted to be committed on said accused, if carried back, or allowed to remain in the county where the crime is alleged to have been committed." From the foregoing citations it seems to us that the makers of our constitution and the General Assembly of Georgia intended to invest exclusively the judges of our superior courts with the power to change the venue in criminal cases. We have found no· authority for the contention, and able counsel for the movant have produced none, that the judge of the city court of LaGrange, or the judge of any city court in the State, has such power. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*